**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **MARDEN MENDOZA ZELAYA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ROCKVILLE SEAFOOD AND GRILL,** )<br>**INC.,** *et al.,* )<br>)<br>**Defendants.** )<br>_____) | Civil Case No.: GLS-21-2711 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following: (1) a "Letter regarding Arguments in Support of Amirhossein Faraji's Intent to File Motion to Dismiss First Amended Complaint and, in the alternative, Motion for Summary Judgment," ("Request to Dismiss") (ECF No. 35), filed by Defendant Amirhossein Faraji (Defendant A. Faraji); (2) the response to Defendant A. Faraji's Request to Dismiss ("Plaintiff's Letter Response") filed by Plaintiff Marden Mendoza Zelaya ("Plaintiff") (ECF No. 36); and (3) Defendant A. Faraji's Request to File Reply Letter to Plaintiff's Letter Response ("Request to File Reply"). (ECF No. 38). The issues raised by the Request to Dismiss have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth more fully herein, the Court will **DENY** both Defendant A. Faraji's Request to Dismiss, and Defendant A. Faraji's Requests to File a Reply and a Motion for Summary Judgment.

1

I. BACKGROUND[1]

A. Procedural Background

On October 21, 2021, Plaintiff filed this action against Defendants Rockville Seafood and Grill, Inc. T/A Sadaf Halal Restaurant, Reza Ghassemi-Faraji, and Amirhossein Faraji, (collectively, "Defendants") alleging that they violated the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA") and other statutes. (ECF No. 1). On December 14, 2021, the parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 20). Thereafter, on January 3, 2022, Plaintiff filed a First Amended Complaint ("Amended Complaint"). (ECF No. 28).  In the Amended Complaint, Plaintiff alleged that the Defendants violated the FLSA, the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3-401 ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. § 3-501 ("MWPCL").  In particular, Plaintiff alleges that Defendants failed to pay him minimum wage and statutory overtime wages, as required by law. (ECF No. 28, ¶¶ 24-44).

Regarding potential dismissal of this case, on December 21, 2021, Defendant A. Faraji filed a Notice of Intent to File a Motion to Dismiss the Complaint, seeking leave to file a motion to dismiss the Complaint as it relates to him. (ECF No. 24).  On December 23, 2021, the Court ordered Plaintiff to file a response to that letter, which Plaintiff filed on January 4, 2022. (ECF Nos. 27, 29).

---

[1] Unless otherwise noted, the facts are taken from the Amended Complaint, ECF No. 28, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true.  *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff.").

At the Fed. R. Civ. P. 16 teleconference held on January 13, 2022, the Court gave leave for Defendant A. Faraji to file a letter setting forth any supplemental arguments in support of his request that the Amended Complaint be dismissed as it relates to him. (ECF No. 33). On January 19, 2022, Defendant A. Faraji filed his letter, in which he seeks dismissal of the Amended Complaint, or, in the alternative, leave to file a motion for summary judgment. (ECF No. 35). Plaintiff filed his letter response thereto on January 21, 2022. (ECF No. 36). Finally, on January 24, 2022, Defendant A. Faraji filed an additional letter requesting leave to file a reply to Plaintiff's Response. (ECF No. 38).

### B. Factual Background

Plaintiff's First Amended Complaint alleges that from "roughly 2011 until September 3, 2021," Plaintiff was employed as a cook at Rockville Seafood & Grill T/A Sadaf Halal Restaurant ("Sadaf Halal"). (ECF No. 28, ¶¶ 2, 5). Defendant Reza Ghassemi-Faraji is the owner and operator of Sadaf Halal, and Defendant A. Faraji served as a manager at Sadaf Halal during Plaintiff's employ. (ECF No. 28, ¶¶ 3, 4). Defendants paid him a bi-monthly salary, but after the beginning of the COVID-19 pandemic, Defendants began to "requir[e] Plaintiff to sign documents regarding the hours he worked" in order to receive his paycheck. (ECF No. 28, ¶¶ 12, 16). During the relevant period, Defendants failed to pay him minimum wage and/or overtime pay for his work. (ECF No. 28, ¶¶ 13, 14, 17, 22, 23).

With regard to Defendant A. Faraji's responsibilities at Sadaf Halal, Plaintiff alleges the following. First, that Defendant A. Faraji "had the power to hire, fire, suspend, and otherwise discipline Plaintiff at Sadaf Halal." (ECF No. 28, ¶ 21(a)). Second, that Defendant A. Faraji was "present" when Plaintiff was initially interviewed, and he "participated in Plaintiff's hiring process." (ECF No. 28, ¶ 21(A)). Third, that Defendant A. Faraji "had the power to supervise the

3

Plaintiff's work to ensure that his work was of sufficient quality." (ECF No. 28, ¶ 21(b)). Fourth, that Defendant A. Faraji, along with Defendant Reza Ghassemi-Faraji, would "frequently supervise" Plaintiff's performance of his duties. (ECF No. 28, ¶ 21(b)). Specifically, Defendant A. Faraji "customarily directed the Plaintiff to perform certain work duties regarding the foods he needed Plaintiff to cook and prepare for the day."

Moreover, Defendant A. Faraji had the power to set Plaintiff's work schedule. At the beginning of Plaintiff's employment, Defendant A. Faraji coordinated with Defendant Reza Ghassemi-Faraji to set the schedule. Beginning in or about March 2020, at the onset of the COVID-19 pandemic, Defendant A. Faraji and Defendant Reza Ghassemi-Faraji changed Plaintiff's work schedule by decreasing the number of hours that he worked per week. (ECF No. 28, ¶ 21(c)).

Furthermore, Defendant A. Faraji, as a manager, "controlled the day-to-day operations" of the restaurant, as did Defendant Reza Ghassemi-Faraji, and Defendant A. Faraji retained the power to do so throughout Plaintiff's employment. (ECF No. 28, ¶ 21(e)). Defendant Reza Ghessemi-Faraji "intermittently worked in-person" at Sadaf Halal. (ECF No. 28, ¶ 21(e)). In Defendant Reza Ghassemi-Faraji's absence, employees of Sadaf Halal would report to Defendant A. Faraji. (ECF No. 28, ¶ 21(e)). Defendant Reza Ghassemi-Faraji "set and determined the rate and method of Plaintiff's pay." (ECF No. 28, ¶ 21(d)). However, Plaintiff "routinely went" to Defendant A. Faraji if he was seeking a raise, and Defendant A. Faraji would either direct Plaintiff to speak with Defendant Reza Ghassemi-Faraji, or he would speak to Defendant Reza Ghessemi-Faraji on Plaintiff's behalf. (ECF No. 28, ¶ 21(d)).

## II.  STANDARD OF REVIEW

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts and must state a "plausible claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action").  A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova. v. Halper,* 995 F.3d 134, 141 (4th Cir. 2021). Furthermore, a court "does not resolve contests surrounding the facts [or] the merits of a claim."  *Ray*, 948 F.3d at 226 (citation omitted).

## III.  DISCUSSION

Defendant A. Faraji asserts that the Amended Complaint should be dismissed as to him because he is not an "employer," as that term is understood under the FLSA, the MWHL, and the MWPCL. (ECF No. 35). Alternatively, Defendant A. Faraji seeks leave to file a motion for summary judgment because no genuine dispute of material fact exists as to whether he is an "employer." (*Id.*).  Finally, Defendant A. Faraji seeks leave to file a reply to Plaintiff's Letter Response in further support of his first two arguments. (ECF No. 38).

Plaintiff counters that: (1) he has plead sufficient facts to establish that Defendant A. Faraji was Plaintiff's employer during the relevant period; and (2) a motion for summary judgment would be inappropriate, as parties have not yet conducted discovery. (ECF No. 36).

The Court will first address the Defendant's requests for leave to file a reply pleading and to file a motion for summary judgment.

**A. Defendant's Requests to File a Motion for Summary Judgment and a Reply**

1. *Summary Judgment*

Defendant A. Faraji seeks to file a summary judgment motion. He maintains that there is no genuine dispute of material fact as to whether he is an "employer" under any of the relevant statutes. (ECF No. 35). According to the Defendant, he is prepared to support his motion with "the same public records and sworn evidence that Plaintiff would elicit in discovery." (ECF Nos. 35, 38).

With regard to the summary judgment request, the public records in question appear to be those referenced in the Request to Dismiss, where Defendant A. Faraji offers to append public records demonstrating that Defendant A. Faraji has no ownership interest in Sadaf Halal. (*See* ECF No. 35, p. 2).

First, the Court does not read the Amended Complaint to allege that Defendant A. Faraji is an owner of Sadaf Halal. Rather, the Court finds that paragraphs three and four of the Amended Complaint make clear that Defendant Reza Ghassemi-Faraji is the owner of Sadaf Halal, and that Defendant A. Faraji is the manager of the restaurant. (ECF No. 28, ¶¶ 3, 4). In addition, the verbiage used in paragraph twenty-one, "owners/managers," refers to both Defendant Reza Ghassemi-Faraji and Defendant A. Faraji. Reading paragraph twenty-one in tandem with paragraphs three and four yields that the phrase refers to the two Defendants respectively, rather

than Plaintiff asserting that both Defendants are owners, and both are managers. Accordingly, to the extent Defendant A. Faraji seeks to offer documentation to demonstrate a lack of ownership interest, this request is denied. [2] *See Lokhova. v. Halper,* 995 F.3d at 141.

Second, to the extent that Defendant A. Faraji seeks to provide sworn testimony stating that, for example, he does not have the authority at Sadaf Halal that Plaintiff alleges in the Amended Complaint, the Court finds that entertaining a summary judgment motion is premature. Based on the Amended Complaint, (ECF No. 28), and Plaintiff's Letter Response, (ECF No. 36), the Court infers that the Plaintiff could proffer facts in an affidavit or declaration that raise a genuine dispute of material fact. As set forth below, because the First Amended Complaint contains well-pleaded allegations which, if proven, could establish that the Defendant is an employer under the FLSA and Maryland law, summary judgment briefing before discovery is inappropriate. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (holding that court erred in considering facts outside the complaint at motion to dismiss stage, and that conversion of the pleading to a summary judgment motion would have been erroneous, as the parties had not yet conducted reasonable discovery) (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985) ("Because [the plaintiff] was not afforded an opportunity for reasonable discovery, the [court's] treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion.")).

---

[2] Assuming, *arguendo*, that the Court has not correctly read ¶¶ 3, 4, and 21(e), upon request by the Plaintiff, the Court would likely grant him leave to further amend the pleading to clarify. *See* Fed. R. Civ. P. 15(a)(2); *Nourisan Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (court should deny a request to amend a pleading "only where it would be prejudicial [to the non-moving party], there has been bad faith, or the amendment would be futile").

2. *Reply Letter*

Defendant A. Faraji also seeks leave to respond to the arguments raised in Plaintiff's Letter Response, arguing that "the interests of justice are served when movants are afforded an opportunity to reply to points raised in opposition to potentially dispositive motions." (ECF No. 38).[3]

At the Rule 16 conference held on January 14, 2022, the Court exercised its discretion and fashioned the letter-briefing schedule that it deemed appropriate regarding Defendant's dismissal request. (ECF No. 24). The Defendant, as the initiator of the issue, was afforded ample opportunity to make all arguments that he was not an "employer" in his Request to Dismiss. He did not do so. This Court is not persuaded that it errs by denying him an opportunity for further briefing. Indeed, as set forth below in Section B, the Court finds that Plaintiff has met his burden. Further briefing would be futile, as it would not change the Court's ruling.

In sum, the Court will deny Defendant's requests to file a summary judgment motion and a reply pleading.

**B. Defendant's Request to Dismiss the Amended Complaint**

Defendant A. Faraji asserts that Plaintiff has not sufficiently alleged facts to show that he is an employer under the FLSA, the MWHL, or the MWPCL. Specifically, Defendant A. Faraji argues that the fact that he is not an owner of Sadaf Halal dispositively resolves the claims against him. (ECF No. 35, pp. 3-4). He further contends that Plaintiff's allegations are conclusory, and do not plausibly state a claim upon which relief can be granted. (*Id.*).

---

[3] In his request to file a reply, Defendant A. Faraji also argued why he should be permitted to file a motion for summary judgment. As held above, in Section III.A.1., the request for summary judgment briefing is denied.

Plaintiff counters that: (1) an individual can be considered an "employer" without an ownership interest; and (2) Plaintiff has sufficiently alleged facts to show that Defendant A. Faraji is an employer. (ECF No. 36, pp. 2-3).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d) (2018). An individual who has "managerial responsibilities and substantial control of the terms and conditions of the work. . . of employees" is deemed to be an employer. *Id.*

To determine whether an individual is an "employer" under the FLSA, the Court examines "the economic realities of the relationship between the employee and the putative employer." *Iraheta v. Lam Yuen, LLC*, Civ. No. DKC 12-1426, 2012 WL 5995689, at *3 (D. Md. Nov. 29, 2012) (citing *Caseres v. S & R Mgt. Co., LLC*, Civ. No. AW-12-01358, 2012 WL 5250561, at *3 (D. Md. Oct. 24, 2012). The "economic realities test" is also used to determine whether an individual qualifies as an employer under the MWHL and MWPCL.[4]

Under the "economic realities test," a court looks to a number of factors, including whether the putative employer is someone who: (1) has the "authority to hire and fire employees;" (2) "supervise[s] and controls work schedules or employment conditions;" (3) "determine[s] the rate and method of payment;" and (4) "maintain[s] employment records." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d

---

[4] A court in this district has found that Maryland courts "applying the MWHL interpret the term 'employer' *in pari materia* with the FLSA. *Ergashow v. Glob. Dynamic Transp.,* LLC, Civ No. JFM 15-1007, 2015 WL 13229505, at *5 (D. Md. Nov. 13, 2015) (citing, *e.g.*, *Newell v. Runnels*, 407 Md. 578, 967 A.2d 729, 771-72 (Md. 2009), *aff'd*, 680 F. App'x 161 (4th Cir. 2017); *see also Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 412 (D. Md. 2013) (citing *Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003). In addition, although the definition of "employer" as set forth in the MWPCL is "technically narrower" than the definition in the MWHL, *see Hall v. DIRECTV, LLC*, 846 F.3d 757, 775 n.10 (4th Cir. 2017), Maryland courts and courts in this District have found that same test can be applied because of the "similarities between the Acts' definitions." *Pinnacle Group, LLC v. Kelly*, 235 Md. App. 436, 178 A.3d 581, 603 (Md. Ct. Spec. App. 2018) (applying the economic realities test under the MWHL and MWPCL); *see also Rivera v. Mo's Fisherman Exch., Inc*., Civ. No. ELH-15-1427, 2018 WL 2020423, at *11 (D. Md. May 1, 2018); *Campusano v. Lusitano Construction, LLC*, 208 Md. App. 29, 56 A.3d 303 (2012).

132, 139 (2d Cir. 1999). No single factor is dispositive; rather, a court must analyze the facts using a totality of the circumstances approach. *Gaske v. Crabcake Factory Seafood House, LLC*, Civ. No. JMC-18-2630, 2021 WL 5326465, at *3 (D. Md. Nov. 15, 2021); *see also Hurd v. NDL, Inc.*, Civ. No. CCB-11-1944, 2012 WL 642425, at *5 (D. Md. Feb. 27, 2012) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

When analyzing the four factors, the Court focuses on "whether a particular individual had sufficient operational control within a business enterprise to be considered an employer." *Guillen v. Armour Home Improvement, Inc.*, Civ. No. DLB-19-2317, 2022 WL 524986, at *5 (D. Md. Feb. 22, 2022) (quoting *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 721 (E.D.N.C. 2009)) (internal quotation marks omitted).

An individual's lack of ownership interest, while relevant, does not resolve the question of whether that individual is an "employer" under the relevant statutes. Despite what Defendant A. Faraji suggests, a lack of ownership is not fatal to Plaintiff's claim. *See, e.g.*, *Bolling v. PP&G Inc.*, Civ. No. WDQ-15-911, 2015 WL 9255330, at *5 (D. Md. Dec. 17, 2015) (denying motion to dismiss where putative employer had no ownership interest and no apparent formal job title or official position); *Speert v. Proficio Mortg. Ventures, LLC*, Civ. No. JKB-10-718, 2011 WL 2417133, at *4 (D. Md. June 11, 2011) (finding a genuine dispute of material fact at summary judgment stage as to whether manager was "employer" under FLSA, where it was undisputed that he had no ownership interest in the employing company, but it was disputed whether he had the authority to hire or fire employees).

In this case, Plaintiff has alleged sufficient facts about Defendant A. Faraji to satisfy the economic realities test. Thus, the Court finds that the facts as alleged, if ultimately proven, could establish that he is an employer under the FLSA, MWHL, and MWPCL.

With regard to the authority to hire and fire employees, Plaintiff alleges that Defendant A. Faraji "had the power to hire, fire, suspend, and otherwise discipline Plaintiff." (ECF No. 28, ¶ 21(a)). To illustrate this authority, Plaintiff adds that Defendant A. Faraji was "present during Plaintiff's interview and participated in Plaintiff's hiring process." (ECF No. 28, ¶ 21(a)). Drawing all reasonable inferences in favor of the Plaintiff, the Court can conclude that Plaintiff has plausibly alleged that Defendant A. Faraji had control over Plaintiff's hiring.

Plaintiff next alleges that Defendant A. Faraji "had the power to supervise the work duties of Plaintiff," and he would frequently do so, "customarily direct[ing] the Plaintiff to perform certain work duties regarding the foods he needed Plaintiff to cook and prepare for the day." (ECF No. 28, ¶ 21(b)). Defendant A. Faraji further had the power to set Plaintiff's work schedule, setting it initially and changing his hours around March 2020, after which Plaintiff worked fewer hours. (ECF No. 28, ¶ 21(c)). Defendant A. Faraji, as a manager, "controlled the day-to-day operations" of the restaurant with Defendant Reza Ghassemi-Faraji. (ECF No. 28, ¶ 21(e)). In Defendant Reza Ghassemi-Faraji's absence, employees would report to Defendant A. Faraji. (ECF No. 28, ¶ 21(e)). In sum, Plaintiff has plausibly alleged that Defendant A. Faraji exercised control over Plaintiff's schedule and his employment conditions.

As for the determination of Plaintiff's rate of compensation and method of payment, Plaintiff alleges that the Defendants paid a bi-monthly salary and required Plaintiff to sign documents regarding his hours in order to receive his paycheck. (ECF No. 28, ¶¶ 12, 16). These allegations, though alleged in the collective, are analyzed as alleged against Defendant A. Faraji as an individual. *See Iraheta,* 2012 WL 5995689, at *3 ("in ruling on a Rule 12(b)(6) motion seeking dismissal of an individual FLSA defendant, 'this Court will presume that all allegations made against the Defendants [collectively] also apply equally to [the individual Defendant] in his

individual capacity'") (quoting *Pearson v. Prof'l 50 States Prot., LLC*, Civ. No. RDB-09-3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010)). In addition, Plaintiff alleges that while Defendant Reza Ghassemi-Faraji "set and determined the rate and method of Plaintiff's pay," Plaintiff would "routinely" go to speak to Defendant A. Faraji "when he wanted a raise," and Defendant A. Faraji would either direct Plaintiff to speak with Defendant Reza Ghassemi-Faraji or would speak to him on Plaintiff's behalf. (ECF No. 28, ¶ 21(d)). Drawing all reasonable inferences in favor of the Plaintiff, the allegations that: (a) Defendant A. Faraji paid Plaintiff bi-monthly; (b) required him to sign documents to receive his pay; and (c) had conversations with Defendant Reza Ghassemi-Faraji about Plaintiff's pay rate, together plausibly illustrate that Defendant A. Faraji had control over Plaintiff's rate and method of pay.

With regard to the maintenance of employment records, Plaintiff does not allege that Defendant A. Faraji maintained such records. However, a plaintiff need not meet every factor of the economic realities test to state a plausible claim for relief. *See Avila v. Caring Hearts & Hands Assisted Living & Elder Care, LLC*, Civ. No. TDC-15-3943, 2016 WL 4083365, at *3 (D. Md. Aug. 1, 2016) (holding that plaintiff had plausibly alleged claims under the FLSA, MWHL, and MWPCL against individual, even where plaintiff did not allege that the individual maintained employment records). In sum, the Court finds that Plaintiff's allegations are well-pleaded and, if they are proven, could establish that the Defendant is an employer under the FLSA and Maryland law.

Finally, the Court finds unavailing Defendant A. Faraji's argument that the allegations in the Amended Complaint are "conclusory" because they merely track the factors outlined in the economic realities test.  (ECF No. 35, pp. 1-4). As this Court has held, Plaintiff has sufficiently alleged facts that, if proven, would satisfy the economic realities test. Accordingly, Plaintiff has

stated a plausible claim for relief against Defendant A. Faraji under the FLSA, MWHL, and MWPCL. *Mazariegos v. Pan 4 Am., LLC*, Civ. No. DLB-20-2275, 2021 WL 4339434, at *3 (D. Md. Sept. 23, 2021) (denying motion to dismiss where plaintiff alleged facts tracking the elements of the economic realities test); *Pizzella v. Peters*, 410 F. Supp. 3d 756, 767 (D. Md. 2019) (same).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff has stated a claim upon which relief can be granted. Accordingly, the Request to Dismiss, (ECF No. 35), and the Requests to file a Reply and a Motion for Summary Judgment, (ECF Nos. 35, 38), are hereby DENIED.

Dated:  May 31, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge